IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HEALTH DIAGNOSTIC LABORATORY, INC., et al. | ) ) ) | Case No. 15-32919-KRH Chapter 11 (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| RICHARD ARROWSMITH AS LIQUIDATING TRUSTEE OF THE HDL LIQUIDATING TRUST | ) ) ) | |
| Plaintiff, | ) ) | Adversary Proceeding No. 17-03097-KRH |
| v. | ) | |
| | ) | |
| AMERICAN DIABETES ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |

ANSWER OF DEFENDANT AMERICAN DIABETES ASSOCIATION TO COMPLAINT
TO AVOID AND RECOVER AVOIDABLE TRANSFERS AND FOR RELATED RELIEF

COMES NOW the defendant, the American Diabetes Association ("ADA"), by and through counsel, and in answer to the Complaint to Avoid and Recover Avoidable Transfers and for Related Relief as filed by the plaintiff, Richard Arrowsmith as Liquidating Trustee of the HDL Liquidating Trust (the "Trust"), states as follows:

FIRST DEFENSE

The Trust's Complaint fails to state a claim against ADA upon which relief can be granted.

<u>SECOND DEFENSE</u>

As to each numbered paragraph of The Trust's complaint, ADA states as follows:

1.   ADA admits the allegations as contained in paragraph 1 of the complaint.

2.   ADA admits the allegations as contained in paragraph 2 of the complaint.

3.   ADA admits the allegations as contained in paragraph 3 of the complaint.

4.   ADA admits the allegations as contained in paragraph 4 of the complaint.

5.   ADA admits the allegations as contained in paragraph 5 of the complaint.

6.   ADA admits the allegations as contained in paragraph 6 of the complaint.

7.   ADA admits the allegations as contained in paragraph 7 of the complaint.

8.   ADA admits the allegations as contained in paragraph 8 of the complaint.

9.   ADA admits the allegations as contained in paragraph 9 of the complaint.

10.  ADA admits the allegations as contained in paragraph 10 of the complaint.

11.   ADA admits that the stated purpose of the complaint is to recover monies from it, but denies that there are grounds for such recovery, such allegations as being contained in paragraph 11 of the complaint.

12.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 of the complaint, and demands strict proof thereof.

13.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13 of the complaint, and demands strict proof thereof.

14.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 of the complaint, and demands strict proof thereof.

15.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of the complaint, and demands strict proof thereof.

16.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the complaint, and demands strict proof thereof.

17.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 of the complaint, and demands strict proof thereof.

18.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18 of the complaint, and demands strict proof thereof.

19.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 of the complaint, and demands strict proof thereof.

20.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 of the complaint, and demands strict proof thereof.

21.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 21 of the complaint, and demands strict proof thereof.

22.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22 of the complaint, and demands strict proof thereof.

23.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23 of the complaint, and demands strict proof thereof.

24.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 of the complaint, and demands strict proof thereof.

25.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25 of the complaint, and demands strict proof thereof.

26.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 26 as they relate to entities other than it, and demands strict proof thereof.  ADA denies the allegations as contained in that paragraph as they relate to it.

27.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 27 as they relate to entities other than it, and demands strict proof thereof.  ADA denies the allegations as contained in that paragraph as they relate to it.

28.   Paragraph 28 of the complaint does not set forth allegations to which a response is required.

29.   Paragraph 29 of the complaint does not set forth allegations to which a response is required.

30.   ADA denies the allegations as contained in paragraph 30 of the complaint.

31.   ADA denies the allegations as contained in paragraph 31 of the complaint.

32.   ADA denies the allegations as contained in paragraph 32 of the complaint.

33.   ADA denies the allegations as contained in paragraph 33 of the complaint.

34.   ADA denies the allegations as contained in paragraph 34 of the complaint.

35.   ADA denies the allegations as contained in paragraph 35 of the complaint.

36.   ADA denies the allegations as contained in paragraph 36 of the complaint.

37.   Paragraph 37 of the complaint does not set forth allegations to which a response is required.

38.   ADA denies the allegations as contained in paragraph 38 of the complaint.

39.   ADA denies the allegations as contained in paragraph 39 of the complaint.

40.   ADA denies the allegations as contained in paragraph 40 of the complaint.

41.   ADA denies the allegations as contained in paragraph 41 of the complaint.

42.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 42 of the complaint, and demands strict proof thereof.

43.   ADA denies the allegations as contained in paragraph 43 of the complaint.

44.   ADA denies the allegations as contained in paragraph 44 of the complaint.

45.   ADA denies the allegations as contained in paragraph 45 of the complaint.

46.   ADA denies the allegations as contained in paragraph 46 of the complaint.

47.   ADA denies the allegations as contained in paragraph 47 of the complaint.

48.   ADA denies the allegations as contained in paragraph 48 of the complaint.

49.   ADA denies the allegations as contained in paragraph 49 of the complaint.

50.   Paragraph 50 of the complaint does not set forth allegations to which a response is required.

51.   ADA denies the allegations as contained in paragraph 51 of the complaint.

52.   ADA denies the allegations as contained in paragraph 52 of the complaint.

53.   ADA denies the allegations as contained in paragraph 53 of the complaint.

54.   ADA denies the allegations as contained in paragraph 54 of the complaint.

55.   ADA denies the allegations as contained in paragraph 55 of the complaint.

56.   ADA denies the allegations as contained in paragraph 56 of the complaint.

57.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of

paragraph 57 of the complaint, and demands strict proof thereof.

58.   ADA denies the allegations as contained in paragraph 58 of the complaint.

59.   ADA denies the allegations as contained in paragraph 59 of the complaint.

60.   ADA denies the allegations as contained in paragraph 60 of the complaint.

61.   Paragraph 61 of the complaint does not set forth allegations to which a response is required.

62.   ADA denies the allegations as contained in paragraph 62 of the complaint.

63.   ADA denies the allegations as contained in paragraph 63 of the complaint.

64.   ADA states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 64 of the complaint, and demands strict proof thereof.

65.   ADA denies the allegations as contained in paragraph 65 of the complaint.

66.   ADA denies the allegations as contained in paragraph 66 of the complaint.

67.   ADA denies the allegations as contained in paragraph 67 of the complaint.

68.   ADA denies the allegations as contained in paragraph 68 of the complaint.

69.   ADA denies the allegations as contained in paragraph 69 of the complaint.

70.   ADA denies the allegations as contained in paragraph 70 of the complaint.

71.   ADA denies the allegations as contained in paragraph 71 of the complaint.

72.   ADA denies the allegations as contained in paragraph 72 of the complaint.

73.   ADA denies the allegations as contained in paragraph 73 of the complaint.

74.   Paragraph 74 of the complaint does not set forth allegations to which a response is required.

75.   ADA denies the allegations as contained in paragraph 75 of the complaint.

76.   ADA denies the allegations as contained in paragraph 76 of the complaint.

77.   ADA admits that it has made no payments to the Liquidating Trustee in this matter, but denies that it has any obligation to do so, such allegations being contained in paragraph 77 of the complaint.

78.   ADA denies that it has filed any claim in this matter, a fact that should be known to the Liquidating Trustee, and further denies the notion that any claim filed by it could be properly disallowed, such allegations being contained in

paragraph 78 of the complaint.

79. Paragraph 79 of the complaint does not set forth allegations to which a response is required.

80. ADA denies the allegations as contained in paragraph 80 of the complaint.

81. ADA denies the allegations as contained in paragraph 81 of the complaint.

82. ADA denies the allegations as contained in paragraph 82 of the complaint.

83. ADA denies the allegations as contained in paragraph 83 of the complaint.

84. ADA denies the allegations as contained in paragraph 84 of the complaint.

85. ADA denies the allegations as contained in paragraph 85 of the complaint.

86. ADA denies the allegations as contained in paragraph 86 of the complaint.

87. Paragraph 87 of the complaint does not set forth allegations to which a response is required.

88. Paragraph 88 of the complaint does not set forth allegations to which a response is required.

89. ADA denies the allegations as contained in paragraph 89 of the complaint.

90.   ADA denies the allegations as contained in paragraph 90 of the complaint.

91.   Paragraph 91 of the complaint does not set forth allegations to which a response is required.

92.   ADA denies the allegations as contained in paragraph 92 of the complaint.

93.   ADA denies the allegations as contained in paragraph 93 of the complaint.

94.   ADA denies the allegations as contained in paragraph 94 of the complaint.

95.   ADA denies the allegations as contained in paragraph 95 of the complaint.

96.   Paragraph 96 of the complaint does not set forth allegations to which a response is required.  However, ADA notes that the Trust has made serious allegations against it which are unsupported by facts and applicable law, and it is incumbent upon a plaintiff to have knowledge of such facts at the time a complaint is filed.

<u>THIRD DEFENSE</u>

All transfers made by the debtor to ADA were for legitimate business purposes, and benefitted the debtor and its creditors.

<u>FOURTH DEFENSE</u>

The debtor received reasonably equivalent value for any transfers made by it to ADA.

FIFTH DEFENSE

The Trust's complaint is barred by the applicable statute of limitations.

AMERICAN DIABETES ASSOCIATION
By Counsel

GOLDMAN & VAN BEEK, P.C.


By:  /s/ John P. Van Beek
     John P. Van Beek, #30897
     Holly A. Currier, #46221
     510 King Street, Suite 416
     Alexandria, VA 22314
     (703) 684-3260
     (703) 548-4742 (Facsimile)
     jvanbeek@goldmanvanbeek.com
     hcurrier@goldmanvanbeek.com

     Attorneys for the Defendant,
     American Diabetes Association


CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2017, a true copy of the foregoing was served via CM/ECF on Cullen Drescher Speckhart, Esq., Wolcott Rivers Gates, 919 E. Main Street, Suite 1040, Richmond, VA 23219.


/s/ John P. Van Beek
John P. Van Beek